IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE SUBPOENA OF | ) ) | |
| DR. ROGER CADY, M.D. | ) ) | Case No. 06-9017-MC-S-RED |

### ORDER

Now pending before the Court is a Motion to Quash, for Protective Order, and for Sanctions (Doc. 1) and Suggestions in Support (Docs. 2, 8) filed by Dr. Roger Cady, M.D. and Michael Kelly's Suggestions in Opposition to Dr. Roger Cady's Motion for Sanctions (Doc. 9). For all the reasons set forth herein, the Court finds that Dr. Cady's Motion for Sanctions is due to be **GRANTED.**

### I. Factual and Procedural Background

Dr. Roger Cady is a Springfield, Missouri, doctor who practices at the Headache Care Center and specializes in the treatment of headaches. Dr. Cady is also the founder of Primary Care Network, Inc., a non-profit provider of continuing medical education programs and educational activities for health care providers. Michael Kelly is the Plaintiff in a lawsuit currently pending in the United States District Court for the District of Minnesota styled *Michael Kelly v. GlaxoSmithKline*, *Inc.,* 05-1168-CV-JNE-AJB. In his Complaint, Kelly alleges that he was forced to resign his employment at GlaxoSmithKline ("GSK") after he complained about illegal activities at GSK. Kelly further alleges that GSK used Primary Care Network and other non-profits "as alter egos for itself in order to obtain access to physicians and as a mechanism to get around the Stark anti-kickback regulations that govern pharmaceutical companies." (Doc. 2-3, ¶ 9) Kelly further alleges that he "was aware of and objected to many instances where physicians [including Dr. Cady]

were paid honorariums merely as inducements for prescribing Glaxo's products rather than for any legitimate educational purpose." (*Id.* at ¶ 13)  In connection with the Minnesota lawsuit, counsel for Mr. Kelly has attempted to serve four subpoenas on Dr. Cady, requesting documents and other materials connecting Dr. Cady and Primary Care Network to GSK.

Dr. Cady opposed the subpoenas, and filed the instant Motion to Quash, for Protective Order and for Sanctions on May 1, 2006.  On May 5, 2006, the Court held a teleconference with counsel for Dr. Cady and counsel for Michael Kelly in attendance. Prior to the teleconference, counsel for Mr. Kelly served Dr. Cady with a fifth subpoena.  At the teleconference, counsel for Mr. Kelly further stated that he would not attempt to enforce the four prior subpoenas that were the subject of Dr. Cady's instant motion. Therefore, Dr. Cady's respective motions to quash the first four subpoenas and for a protective order are now moot and the only issue pending before the Court is whether Dr. Cady is entitled to reimbursement of expenses, including attorneys fees, in opposing Mr. Kelly's subpoenas.  The Court ordered additional briefing on this issue and both parties have responded.  Accordingly, this issue is ripe for determination.

## **II. Analysis**

Dr. Cady has moved for attorneys fees and costs in the amount of $10,170.09 pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure.  The crux of Dr. Cady's argument is that each of the first four subpoenas were procedurally and substantively defective.  Additionally, Dr. Cady objects on grounds that the requests contained in the first four subpoenas were overbroad and would have imposed an undue burden on Dr. Cady. Mr. Kelly responds that Dr. Cady's Motion for Sanctions should be dismissed because counsel for Dr. Cady did not comply with Rule 26 of the Federal Rules of Civil Procedure, inasmuch as Dr. Cady's Motion was filed without conferring with

opposing counsel. Mr. Kelly further argues that Dr. Cady should be held in contempt for failure to respond to the subpoena and comply with Rule 45 of the Federal Rules of Civil Procedure. Lastly, counsel for Mr. Kelly asserts that sanctions are not warranted because he acted in good faith by subsequently modifying and narrowing the scope of the subpoenas.

Rule 45 requires "a party or an attorney responsible for issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed.R.Civ.P. 45(c)(1). The rule also requires the Court to enforce this duty and to impose sanctions when an attorney or party breaches this duty. *Id.*; *see also* 9A Charles R. Miller, Federal Practice and Procedure § 2463 (1995).

While the Court does not doubt counsel's good faith interest in making the subpoena requests, the Court cannot ignore the numerous deficiencies in the various subpoenas prior to service of the fifth subpoena on Dr. Cady on the day of the teleconference. It appears clear to this court that a simple reading and common sense application of Rule 45 could have avoided most of this subpoena activity. The first subpoena was deficient in that it failed to set forth the text of subdivisions (c) and (d) of Rule 45 (Fed.R.Civ.P. 45(a)(1)(D)); did not state the method of recording the deposition testimony (Fed.R.Civ.P. 45(a)(2)(B)); and did not include a witness fee and mileage check, even though the subpoena demanded that Dr. Cady appear at counsel for Mr. Kelly's office in Minneapolis, Minnesota for a deposition (Fed.R.Civ.P. 45(b)(1)). The second subpoena was deficient it that it was served on Dr. Cady's counsel, who was not authorized to accept service of process on Dr. Cady's behalf. The third subpoena was defective in that it was issued by the United States District Court for the District of Minnesota, which exceeded the territorial limits authorized by Rule 45. Fed.R.Civ.P. 45(b)(2). Finally, the Fourth subpoena was defective in that while it was

issued from the United States District Court for the Western District of Missouri, it required Dr. Cady to produce documents at counsel for Mr. Kelly's office in Minneapolis, Minnesota. *See* Fed.R.Civ.P. 45(a)(2)(C) (a subpoena for the production of documents must issue from the court for the district where the production or inspection is to be made). Although these defects may seem minor, they are the safeguards mandated by the Federal Rules of Civil Procedure that are intended to prevent the abuse of the subpoena process. Had counsel for Mr. Kelly been more diligent in preparing the subpoenas in accordance with the Federal Rules of Civil Procedure prior to their attempted service on Dr. Cady, the Court is confident that much of the effort employed by Dr. Cady in contesting the subpoenas could have been avoided. Finally, the Court is not persuaded that counsel for Dr. Cady violated Rule 26 by refusing to consult with opposing counsel prior to filing the instant motion. The record includes no fewer than four letters over a period of several months from Dr. Cady's counsel to Mr. Kelly's counsel before Dr. Cady filed the motion. Accordingly, the Court is satisfied that Dr. Cady attempted to resolve the issue without Court intervention before filing the instant motion. In conclusion, the Court finds that Dr. Cady is entitled to reasonable attorneys fees and costs in defending against the first four subpoenas issued by Michael Kelly. It is hereby

ORDERED that Dr. Cady's Motion for Sanctions (Doc. 1) is **GRANTED.** Plaintiff's attorneys, Halunen & Associates, shall pay to Dr. Roger Cady $5,000.00 as reasonable attorneys fees and expenses. Said payment shall be made within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

DATE:     September 18, 2006         */s/ Richard E. Dorr*
                                     RICHARD E. DORR, JUDGE
                                     UNITED STATES DISTRICT COURT